**Col. L. Fletcher PROUTY, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.**

**Civ. A. No. 82–2277.**

United States District Court,
District of Columbia.

July 6, 1983.

552

James H. Lesar, Fensterwald & Associates, Arlington, Va., for plaintiff.

Roderick C. Dennehy, Jr., Alan J. Sobol, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

This matter is before the Court on plaintiff's motion to compel production of documents, defendant's opposition thereto, and the entire record herein. At the outset, the Court notes that defendant has agreed to produce the documents requested in items twenty and twenty-four of plaintiff's first request for production of documents, as rephrased by plaintiff, to the extent that they have not already been provided. As a result, only three categories of documents are still in contention, items two, sixteen and seventeen. For the reasons stated below, the Court denies plaintiff's motion to compel production of documents requested in items two, sixteen, and seventeen of plaintiff's first request for production of documents. The Court will discuss each item in turn.

*Item Two*

█ Item two of plaintiff's first request for production of documents seeks the following:

2. All notes, memoranda, minutes, transcripts, reports, letters, tape recordings or other forms of records pertaining to the decision to discharge Amtrak Headquarters employees in May-June 1981.

Defendant contends that this request is overly broad and has indicated to plaintiff that it will make available the following:

all notes, memoranda, minutes, transcripts, reports, letters, tape recordings or other forms of records pertaining to the decision to discharge Amtrak headquarters employees within the department in which plaintiff was employed and those other departments which are under the jurisdiction of the larger departmental unit, Group Vice President of Passenger Services and Communications.

The Court finds that plaintiff's request in item two is overbroad. In making this determination, the Court notes that this is an individual suit rather than a class action and plaintiff has failed to show a particularized need for these documents. *See Marshall v. Westinghouse Electric Corporation,*

576 F.2d 588, 592 (5th Cir.1978) ("[I]n the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination—the employing unit or work unit. . . . To move beyond that focus the plaintiff and the EEOC must show a more particularized need and relevance.") (case citations omitted); *Equal Employment Opportunity Commission v. Packard Electric Division,* 569 F.2d 315, 318 (5th Cir.1978). If, after examination of these documents, plaintiff can make a sufficient and particularized showing that additional documents pertaining to every department in Amtrak headquarters are relevant to this action, the Court will reconsider this request. At the present time, however, the Court denies plaintiff's motion to compel production of documents requested in item two other than those that pertain to the department in which plaintiff was employed and those that pertain to departments under the jurisdiction of the larger departmental unit, Group Vice President of Passenger Services and Communications.

*Item Sixteen*

■ Item sixteen of plaintiff's first request for production of documents seeks the following:

16. All documents which Amtrak intends to use in evidence in this case.

In response to plaintiff's request, defendant stated that it had not made a decision on all of the documents it intends to use in evidence. Given this objection, plaintiff has amended item sixteen to read, "All documents which Amtrak may introduce in evidence in this case." Defendant continues to object to this request because it is premature and speculative. Defendant indicates, however, that it will identify the documents it intends to introduce into evidence when a determination has been made. The Court finds that plaintiff's request is unduly burdensome. Therefore, the Court denies plaintiff's motion to compel production of documents requested in item sixteen. However, defendant shall be required to produce documents responsive to this request on a continuing basis, *i.e.,* when a determination has been made.

*Item Seventeen*

■ Item seventeen of plaintiff's first request for production of documents seeks the following:

17. Copies of all claims filed against Amtrak with the EEOC or the District of Columbia, Virginia, and Maryland alleging discriminatory treatment based on age or race.

Defendant contends that plaintiff's request is beyond the scope of the complaint and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on relevancy and confidentiality grounds. In *Equal Employment Opportunity Commission v. Associated Dry Goods Corporation,* 449 U.S. 590, 603, 101 S.Ct. 817, 824, 66 L.Ed.2d 762 (1981), a case relied upon by defendant, the United States Supreme Court stated that in a Title VII action, the Equal Employment Opportunity Commission cannot reveal to a "charging party information in the files of other charging parties who have brought claims against the same employer. . . . [because] there is no reason why the charging party should know the content of any other employee's charge."

Although *Associated Dry Goods Corporation* is not directly analogous to the instant case, it does indicate the Supreme Court's concern with protecting the privacy interests of employees who have brought claims against the same employer. Applying a similar rationale in this case, the Court reaches the same conclusion and finds that these claims are beyond the scope of plaintiff's complaint. Making this information available to litigants could very well inhibit other employees from bringing such charges. *See McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53, 61–62 (E.D.Pa.1979). It would be an invasion of other employees' privacy to make these complaints public. Moreover, plaintiff has not convinced the Court that these documents are relevant to his complaint. *See Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 138–139 (W.D.Okla. 1977). Therefore, the Court denies plain-

tiff's motion to compel production of documents requested in item 17.

In accordance with the above, it is by the Court this 6th day of July 1983,

ORDERED that plaintiff's motion to compel production of documents requested in items two, sixteen, and seventeen of plaintiff's first request for production of documents is denied.