**Daisy Mae FANN, Plaintiff,**

v.

**GIANT FOOD, INC., Defendant.**

**Civ. A. No. 86–3376.**

United States District Court,
District of Columbia.

May 19, 1987.
On Motion for Reconsideration
June 16, 1987.

James B. Adelman of Zwerling, Mark, Ginsberg & Lieberman, P.C., Alexandria, Va., for plaintiff.

Dwight D. Murray and Philip A. Guzman of Jordan, Coyne, Savits & Lopata, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

This suit centers on plaintiff's allegations that defendant negligently allowed water to collect and remain on the floor near the entrance to its store at 1230 Broad Street, Falls Church, Virginia, and that, as a result, plaintiff slipped and fell in that water. *Complaint* at ¶¶ 8—10. Now before the Court are plaintiff's motions to compel answers to interrogatories and production of documents. Also before the Court is defendant's motion for a protective order. The Court has carefully considered the motions, the legal memoranda filed by the parties, the record in this case, and the underlying law. The Court will deny, with-

out prejudice, plaintiff's motion to compel answers to interrogatories. It will deny defendant's motion for a protective order. Finally, the Court will grant plaintiff's motion to compel production of documents.

## FROM THE RECORD BEFORE THE COURT, IT APPEARS THAT PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES IS MOOT.

■ On January 27, 1987, plaintiff mailed her First Set of Interrogatories to defendant. *Plaintiff's Memorandum in Support of Motion to Compel Response to Interrogatories*, at 1. As of April 10, the date on which plaintiff filed this motion, she had received neither a signed copy of answers to those Interrogatories nor a motion to extend the time for answer. *Id.* at 2. If this remained the case, the Court would not hesitate to grant plaintiff's motion. *See* Fed.R.Civ.P. 37(a)(2).

In its Opposition to this motion, defendant asserts that it mailed a properly executed answer to those Interrogatories on April 14, 1987. *Opposition to Motion to Compel*, at 2. On the basis of that assertion, the Court will deny plaintiff's motion as moot. If, however, plaintiff can show the Court that these answers were never filed or were not properly responsive to plaintiff's queries, the Court will reconsider this denial.

■ Plaintiff has also moved for costs and attorney's fees incurred in connection with this Motion. From the information before the Court, it appears that defendant has not proceeded as promptly as the Rules contemplate or as the Court prefers, but it also appears that defendant's actions were primarily the result of its desire to answer the Interrogatories completely. *See id.* at 2–3. As such, the Court does not believe that justice requires the assessment of costs and fees against defendant. *See* 8 C.A. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2284 (1970 and Supp.1986).

## DEFENDANT HAS NO GROUNDS FOR FAILING TO PRODUCE THE DOCUMENTS REQUESTED BY PLAINTIFF.

Defendant has refused to comply with plaintiff's request for all reports, memoranda, or other documents concerning falls caused by accumulations of snow, ice, or water in the entryway of any of defendant's Washington-area stores from January, 1982 through the date of plaintiff's fall. Defendant maintains that this request is "cumbersome and unreasonable," "overbroad," and not tailored to lead to the production of admissible evidence.

■ The Court cannot agree. First, whether defendant was on notice, by virtue of prior occurences, of a link between accidents and its use of mats or other weather-related maintenance policies is well within the ambit of proper discovery by plaintiff. *See* 8 *Federal Practice and Procedure* at § 2007; *see also, e.g., Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 (D.D.C 1977) (discovery directed toward proving issue in case is relevant). Defendant is wrong to assert that the request should be limited to accidents at the particular store in question. For one, similar accidents at other locations may, if caused by the same or similar use of mats or other maintenance measures in similar surroundings be equally relevant in determining whether defendant was on notice. *Federal Practice and Procedure* at § 2008; *see also Dollar v. Long Manufacturing, N.C., Inc.*, 561 F.2d 613, 617 (5th Cir.1977), cert. denied, 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978) (reversible error to deny motion to compel production of information that may constitute admissible evidence). If there are pronounced and relevant differences between stores, or if there is no company-wide policy with respect to protective measures in inclement weather, these too are relevant areas for discovery. *Federal Practice and Procedure* at § 2008.

■ Even if the Court did not consider plaintiff's request so clearly relevant to the ultimate issues in this case, the Court would have to find that the request was

sufficiently related to plaintiff's claims to constitute permissible discovery. *See, e.g., Association for Women in Science v. Califano,* 566 F.2d 339, 343 (D.C.Cir.1977) ("liberal" standard for relevance at the discovery stage). Moreover, even if plaintiff's broad request yields some evidence that is not admissible, this does not bar a request that is calculated to lead to production of relevant matter. Fed.R.Civ.P. 26(b)(1); *Federal Practice and Procedure* at § 2008; *see also, Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

■ Defendant protests that plaintiff's request is "burdensome." The Court is well aware that the request requires that defendant search through its records and produce the relevant documents. But the Court must remind defendant that burden alone does not allow a party to avoid complying with a legitimate discovery request. Rather, the discovery must be *"unduly* burdensome or expensive." Fed.R.Civ.P. 26(c) (emphasis added); *see also, Prouty v. National Passenger Railroad Corp.,* 99 F.R.D. 551, 553 (D.D.C.1983). Defendant has not demonstrated an undue burden here.

■ For one, the Court has been told that these records are "in storage," which suggests that they are maintained in a central location, rather than separately at each of defendant's stores. *Defendant's Opposition to Motion to Compel,* at 5. Even if the records are stored in several places, the Court has no evidence to suggest that defendant and its agents cannot quickly and efficient search the files to uncover the necessary information. And the Court knows of no reason why defendants could not simply open their files (perhaps under protective order, although the Court expresses no opinion on the necessity for such an order) to plaintiffs and shift the burden of conducting discovery onto their shoulders. *See* Fed.R.Civ.P. 33(c); *see also Prouty v. National Passenger Railroad Corp.,* 99 F.R.D. 545, 548 (D.D.C.1983). Accordingly, the Court will order defendant to comply with plaintiff's request.

■ Plaintiff has also asked the Court to compel production of all statements made by any witnesses to plaintiff's fall on January 18, 1985. Defendant maintains that these witness statements are protected by the work product privilege, in that they were taken by defendant's insurance claims adjuster after plaintiff informed defendant that she had retained counsel.

No work product privilege applies in these circumstances. Work product immunity applies only to documents that were prepared in anticipation of litigation or for trial. *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *In re Subpoena Duces Tecum,* 738 F.2d 1367, 1371 (D.C.Cir.1984). The privilege does not apply to documents prepared in the regular course of the compiler's business, rather than specifically for litigation, even if it is apparent that a party may soon resort to litigation. *See* Federal Practice and Procedure § 2024; *see also Groover, Christie & Merritt v. LoBianco,* 336 F.2d 969, 972 (D.C.Cir.1964).

■ From the information defendant has provided the Court, it appears that defendant's insurance company began to investigate plaintiff's claim after learning that she had hired counsel but prior to the filing of this action. *Opposition to Motion to Compel,* at 5–7. This amounts only to "a more or less routine investigation of a posibly resistable claim" and hence it "is not sufficient to immunize an investigative report developed in the ordinary course of business." *Janicker v. George Washington University,* 94 F.R.D. 648, 650 (D.D.C. 1982). As such, the Court will deny, without prejudice, defendant's work product claim and will order production of all requested documents.

### DEFENDANT'S MOTION FOR A PROTECTIVE ORDER MUST BE DENIED.

Plaintiff filed a notice of deposition, pursuant to Fed.R.Civ.P. 30(b)(6), requested that defendant produce a corporate representative to testify about falls in defend-

ant's stores due to rain, snow, or ice on the floors and about defendant's general maintenance policies. *Defendant's Memorandum of Points and Authorities* at 1. After consulting with counsel, plaintiff limited this requested testimony to falls in the entry ways of defendant's stores on rainy or snowy days and to maintenance of those entrances during inclement weather. *Plaintiff's Opposition* at 2. Defendant argues that even this narrower request indicates a "shotgun" approach to discovery, is not calculated to lead to admissible evidence, and would impose a "prohibitive" burden and expense on defendant. *Memorandum of Points and Authorities* at 2. Accordingly, defendant has moved for a protective order to limit this deposition (and presumably all depositions) to conditions at the particular store in question.

 Defendant's argument is essentially the same as its argument against plaintiff's document request, and it must fall for the same reasons. Relevance is broadly defined throughout the discovery stage, and this broad definition applies with equal force to matters that may be brought out during depositions or through document requests. *See Federal Practice and Procedure* at § 2037. Nor, in light of the defendant's obligation to comply with plaintiff's document request, can the Court agree that the noticed deposition will impose "prohibitive costs" on defendant. The Court does think, however, that defendant's costs would be minimized if this deposition occurred after completion of the document search and it will order the deposition to take place at that time.

The Court will enter an Order to memorialize these decisions.

## ORDER

In accordance with the Opinion in the above-captioned case, issued of even date herewith, and for the reasons set forth therein, it is this 19th day of May, 1987,

ORDERED that plaintiff's motion to compel answers to interrogatories shall be, and hereby is, denied, without prejudice; and it is

FURTHER ORDERED that plaintiff's motion to compel production of documents shall be, and hereby is, granted; and it is

FURTHER ORDERED that defendant's motion for a protective order shall be, and hereby is, denied.

## ORDER ON MOTION FOR RECONSIDERATION

This case, which is scheduled for trial on July 20, 1987, continues to generate discovery disputes. The case involves plaintiff's allegations that defendant negligently allowed water to collect and remain on the floor near the entrance to its store at 1230 Broad Street, Falls Church, Virginia, and that, as a result, plaintiff slipped and fell in that water. *Complaint* at ¶¶ 8–10. The discovery disputes center on plaintiff's efforts to obtain information about similar accidents in defendant's stores, information that goes directly to defendant's notice of the allegedly dangerous condition.

On May 19, 1987, this Court granted plaintiff's motion to compel production of all reports, memoranda, or other documents concerning falls caused by accumulations of snow, ice, or water "near the entrance mats" in any of defendant's Washington-area stores from January, 1982, through the date of plaintiff's fall. The Court found this information well within the ambit of permissible discovery and found that defendant had not shown that the proposed discovery was unduly burdensome or privileged. Defendant has moved for reconsideration of this order.

Defendant has advanced three reasons for reconsideration. First, defendant claims that it learned, after filing its Opposition to Plaintiff's Motion to Compel Discovery, that the rubber mats referred to in the interrogatory were not in place when plaintiff fell. Accordingly, defendant claims that plaintiff's interrogatory seeks irrelevant evidence.

The Court cannot agree. First, the Court is somewhat puzzled by defendant's argument, as the accident report prepared

by defendant's own employee states that the accident occurred when plaintiff "fell down on the rubber mat that opens the door"—presumably the "entrance mat" to which the interrogatory in question refers. *See Plaintiff's Opposition*, Exhibit B. Thus, it is not clear to the Court that there was no mat in place at the time of the accident.

This mat, however, may not be the one that both parties think relevant. The legal memoranda submitted by both plaintiff and defendant suggest that the relevant "entrance mats" may instead be removable mats that cover an entryway during inclement weather. Defendant may be arguing that such mats were not in place when plaintiff fell, and the record does not reveal a dispute about this. But there is no dispute that it was company policy to use these mats in store entryways during the winter months. As such, the failure to have such a mat in place may be highly relevant to defendant's potential negligence, as may the comparative incidence of accidents when mats were present and when they were not.

Defendant reargues the question of burden as well. It now claims that this Court erred in concluding that that accident reports are sent to one central location. Instead, defendant claims that the accident records "should they still be in existence, are, in fact, located at each individual store." *Defendant's Memorandum of Points and Authorities*, at 2.

But defendant does not claim that the accident reports are located *only* at each store. This is an important omission, as plaintiff has provided the Court with an excerpt from a deposition of a Giant employee who testified that a copy of every "incident report" is normally sent to the "risk management department." *Plaintiff's Opposition*, Exhibit A. Moreover, the accident report form itself states *"Important ... Forward carbon copy of this report to the main office of Giant Food, Inc,"* id. at Exhibit B (emphasis added), a direct contradiction of the clear implication of defendant's words.

Defendant has not exercised its right under Local Rule 108(d) to file a reply memorandum and it has not contradicted plaintiff's evidence in any fashion. Thus, the Court must conclude that defendant's argument is disingenuous and that defendant's conduct may violate Fed.R.Civ.P. 11, 37(b), and 28 U.S.C. § 1927. If defendant's words and omissions were designed to mislead the Court as to the multiple copies of each accident report and the whereabouts of those copies, then this is indeed a serious matter.

The Court is well aware of the June 30, 1987, discovery cut-off and of the impending trial. It presumes that defendant is well aware of these dates as well. The Court hopes that defendant's counsel hereafter will not resort to delay or dishonesty. The Court hereby puts defendant on notice that its failure to comply with this Court's Order compelling discovery, and its conduct with respect to the instant motion, could, under the circumstances extant on this record, lead to the imposition of sanctions under Fed.R.Civ.P. 11 and 37(b), as well as 28 U.S.C. § 1927. *See Fritz v. Honda Motor Co.,* 818 F.2d 924 (D.C.Cir.1987). The Court will reserve decision on the matter of sanctions until the conclusion of this case.

Defendant also asks the Court to reexamine its ruling that certain statements to an insurance claims adjuster are not protected by the work product privilege. Defendant suggests that the statements were taken in anticipation of litigation because the claims adjuster knew that plaintiff had a lawyer. Defendant raises no new evidence but merely reiterates its unsuccessful argument.

Defendant misapprehends the nature of the work product privilege. As this Court's May 19, 1987, Opinion made clear, the fact that the insurance investigator knew that plaintiff may have had counsel does not determine whether the privilege obtains. Instead, the central fact is whether the information was developed "in the ordinary course of business," rather than specifically in anticipation of litigation. *See Hickman v. Taylor,* 329 U.S. 495, 67

S.Ct. 385, 91 L.Ed. 451 (1947); *Groover, Christie & Merritt v. LoBianco*, 336 F.2d 969, 972 (D.C.Cir.1964); *Janicker v. George Washington University*, 94 F.R.D. 648, 650 (D.D.C.1982). As the "more or less routine investigation of a possibly resistible claim," *id.*, the insurance report at issue is nothing more than a report prepared in the ordinary course of an insurer's business and thus is not privileged.

Accordingly, it is this 16 day of June, 1987,

ORDERED that defendant's motion for reconsideration shall be, and hereby is, denied; and it is

FURTHER ORDERED that defendant shall produce the documents that defendant has been ordered to produce on or before 4:00 PM, June 23, 1987.

FURTHER ORDERED that the Court will reserve the question of the imposition of sanctions against defendant, under Fed. R.Civ.P. 11, 37(b), and 28 U.S.C. § 1927, until the conclusion of this case.