**Marsha LEDGIN, et al., Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, et al., Defendants.
(Two Cases.)**

**Civil Action Nos. 95–2531–GTV, 95–2551–GTV.**

United States District Court,
D. Kansas.

May 8, 1996.

Theodore F. Fay, John D. Tongier, Holbrook, Heaven & Fay, P.A., Merriam, KS, Steven L. Imber, Overland Park, KS, for plaintiffs.

William V. North, Shughart, Thomson & Kilroy, Overland Park, KS, Dennis D. Palmer, Shughart, Thomson & Kilroy, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The Court has before it Plaintiffs' Motion To Compel Under Rule 37(a) (doc. 48). Since its filing the parties have orally agreed that the motion may be deemed withdrawn, except as to its paragraph 10. That paragraph asks that defendants be ordered to produce two documents identified in their disclosures pursuant to Fed.R.Civ.P. 26. They consist of a Memorandum, dated September 2, 1993, and a chronological summary. Defendants resist discovery upon the grounds these two documents are work product. With the oral agreement of counsel for all parties, defendants have submitted the documents to the Court for *in camera* inspection. The Court has completed that inspection.

The Memorandum of September 2, 1993, consists of three pages. It identifies its addressees as Dick Krecker, John Walker, and Karon Harris and its writers as Steven Bledsoe, Nancy Creasy, and Rick Kastner. It shows copies to Mike Marchotte, Steve Coulter, Bob Murphy, and Don Weber. It discusses a "Coinsurance Issue" and "Contract Issue," following a request by Mike Marcotte. The memorandum includes recommendations for action. Before its heading "Memorandum" are the words *"CONFIDENTIAL—WORK PRODUCT."* The words "ATTORNEY WORK PRODUCT" also appear in the upper right part of the first page.

The chronology consists of four pages. It bears the title "COINSURANCE ISSUES REGULATORY PERSPECTIVE." Its first two pages contain a chronology of events in Missouri from August 1989 through January 1995. Its third and fourth pages contain a similar chronology of events in Kansas from November 1992 through July 1994. All four pages bear the phrases "CONFIDENTIAL WORK PRODUCT" and "ATTORNEY WORK PRODUCT." They identify neither the author nor for whom the documents were prepared.

Fed.R.Civ.P. 26(b)(3) codifies the rules set forth in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946), relating to the protection of work product. Subject to certain exceptions (not here applicable), pertinent parts of the rule provide as follows:

a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule *and prepared in anticipation of litigation or for trial* by or for another party or by or for that other party's representative (in-

cluding the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing....

Fed.R.Civ.P. 26(b)(3) (emphasis added).

■ Some additional principles relate to the question of work product. Materials assembled in the ordinary course of business or for other non-litigation purposes are not protected by the work product doctrine. *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir.), *cert. denied*, 484 U.S. 917, 108 S.Ct. 268, 98 L.Ed.2d 225 (1987); *Fann v. Giant Food, Inc.*, 115 F.R.D. 593, 596 (D.D.C.1987); 8 Charles A. Wright et al., *Federal Practice & Procedure* § 2024 (1994). The inchoate possibility, or even likely chance of litigation, does not give rise to work product. *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 604 (8th Cir.1977); *Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160, 163 (D.Minn.1986); *Stauffer Chem. Co. v. Monsanto Co.*, 623 F.Supp. 148, 152 (E.D.Mo.1985).

■ As the party resisting discovery, defendants bear the burden to show that withheld documents qualify as work product. *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir.1984); *Smith v. MCI Telecommunications Corp.*, 124 F.R.D. 665, 687 (D.Kan.1989). Fed.R.Civ.P. 26(b)(5), moreover, states what a party must do to uphold an objection of work product against discovery:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

■ In opposing the motion, defendants suggest there is "no doubt" that the Memorandum of September 2, 1993, was created in anticipation of litigation and that the immunity of work product "obviously applies." To support this contention, they note the document was prepared by three persons: Steven Bledsoe, Associate General Counsel for defendant Blue Cross and Blue Shield of Kansas City; Nancy Creasy, its Director, Internal Audit; and Rick Kastner, its Director, Contract Management and Administration. Because Mr. Bledsoe is the author first listed in the memorandum and Mike Marchotte, General Counsel, requested the information, defendants argue it was consequently intended for litigation purposes. In further support for their argument they point out that the Memorandum itself refers to the existence of litigation involving other Blue Cross and Blue Shield companies in other states. Finally, defendants note that the document was marked *"CONFIDENTIAL—WORK PRODUCT"* when it was prepared, supposedly demonstrating its preparation was in anticipation of litigation.

The document itself contains no suggestion that defendants in this case were anticipating litigation. It precedes the filing of this action by over two years. At the conclusion of its discussion of the "Coinsurance Issue" the Memorandum notes that litigation is pending as to three other Blue Cross and Blue Shield companies in states other than Missouri and Kansas. Nothing in the text, however, suggests that the Memorandum was prepared in anticipation of litigation or for trial of any of those cases. Nor does it suggest that defendants here were anticipating similar litigation; notwithstanding the identification of six consumer complaints in Missouri and two in Kansas.

Instead of contemplating litigation, the Memorandum addresses the possibilities of action which defendant(s) might take to avoid problems and complaints in the future. It contemplates possible administrative procedures with the Kansas Commissioner of Insurance, business negotiations with contractors, and changes in the language of insurance contracts. These matters all relate to the ongoing operation of the business of the insurers. Understandably defendant would engage its in-house legal counsel in these matters. For its own good will in the market place of insurance and for its own protection against future complaints, one would reasonably expect defendants to assert legally sound positions in handling mat-

ters with the Kansas Commissioner of Insurance, contracting health-care providers, and insureds.

The Court finds little if any weight to be accorded to the stamped phrase "ATTORNEY WORK PRODUCT." It appears four times in the margins of the Memorandum of September 2, 1993. The Court can hardly regard it as anything more than a self-serving embellishment. It perhaps carries some internal significance to employees of defendant. It adds nothing of consequence, however, to prove the document was in fact prepared in anticipation of litigation or for trial. Defendant, its counsel, or other employees could indeed label any document with the phrase "ATTORNEY WORK PRODUCT," regardless of the legitimacy, purpose, or motive for such designation. Defendants have identified no criteria, if any, used by either of them to determine what documents are to be so identified and why. They have provided no information to explain when the designation is made, who makes it, or what it means within the business operations of the insurer. Attorney work product has a fairly specific meaning within the meaning of the Federal Rules of Civil Procedure. Within the business of defendants, however, it may refer to anything which their legal counsel prepares, whether or not litigation is contemplated, and thus carry a much broader meaning than that contemplated by the Federal Rules.

Defendants cite *Janicker v. George Washington Univ.,* 94 F.R.D. 648, 650–51 (D.D.C. 1982) in support of their argument for work product. The Court agrees generally with the principles stated in that case. It finds nothing in it, however, to support a finding of work product for the documents here in question.

■ The second document under consideration, the chronology, identifies a series of events or developments for the business of defendant in Missouri from August 1989 to January 1995 and in Kansas from November 1992 to July 1, 1994. It discusses responses to consumer complaints, apparently initiated with the insurance departments for the two states. It also described communications with those state agencies and proposed language for insurance contracts and methods for calculating coinsurance and charges. Nothing in the document specifically indicates for whom or for what purpose it was prepared. It does not refer to any litigation, either past, present, or future. In their memorandum opposing the motion, defendants suggest the last entry was in January 1995, thus "showing that it was prepared after the filing of this lawsuit and for use in preparing this case for trial." The Court finds this to be an inaccurate statement. This lawsuit was filed ten months after the entry of January 1995.

Similar to the Memorandum of September 2, 1993, the chronology contains marginal stamps of "CONFIDENTIAL WORK PRODUCT" and "ATTORNEY WORK PRODUCT." What has already been said about those designations applies with equal force to the chronology. The designations add nothing of consequence to determine whether the document indeed qualifies as work product within the meaning of federal law.

For the foregoing reasons the Court deems Plaintiffs' Motion to Compel Under Rule 37(a) (doc. 48) withdrawn, except as to the documents requested by its Paragraph 10. It sustains the motion to compel production of those two documents. Defendants have not met their burden to demonstrate that the Memorandum of September 2, 1993, and the chronology in question are work product within the meaning of Fed.R.Civ.P. 26. With this Order the Court returns the Memorandum of September 2, 1993 and the chronology to defendants with the direction that they shall forthwith produce them for inspection and copying by plaintiff at the offices of their counsel of record in Overland Park, Kansas.

IT IS SO ORDERED.