WESTERN NATIONAL BANK OF
**DENVER, a National Banking
Assoc., Plaintiff,**

v.

**EMPLOYERS INSURANCE OF WAU-
SAU, a mutual company, f/d/b/a Em-
ployers Mutual Liability Insurance
Company of Wisconsin, a Wisconsin
corporation, Defendants.**

**Civ. A. No. 85–JM–251.**

United States District Court,
D. Colorado.

Oct. 2, 1985.

---

Roger B. Wood, Englewood, Colo., for plaintiff.

John P. Craver, Denver, Colo., for defendant.

## AMENDED ORDER

DONALD E. ABRAM, United States Magistrate.

The defendant, Employers Insurance of Wausau has filed a Motion for Protective Order as to certain requested documents which the defendant Wausau asserts are protected both under the Attorney/Client privilege and the Work/Product doctrine, and the plaintiff, Western National Bank has filed a response thereto. The documents consist of the claim file of Scarborough, the plaintiff's agency handling the investigation for the insurance company. Western National Bank filed a claim for a loss which was caused by an officer of the bank, Mr. Sensenig. It was filed on January 31, 1980. The claim was assigned to

the law firm of Lord, Bissell, and Brook to investigate the claim. A letter of April 17 from Lord, Bissell, and Brook simply summarizes the factual information obtained in their investigation. It is the same information that would be obtained by a claims adjustor. Subsequently, a law suit was filed, *Venture Capital Corporation of New Mexico v. Stone's Garage, Inc., Arthur E. Lewis, and Joseph P. Lewis*. In turn, a third-party complaint was filed against the Western National Bank of Denver and the Officer Sensenig claiming that Sensenig or unknown employees of the bank converted over $125,000 from Stone's Garage, Inc.'s checking account. Trial was held in United States District Court for the District of Colorado, and judgment was entered against both Stone and Lewis. Judgement was obtained on the Third-Party complaint against Western National Bank for $45,000. Wausau had proceeded under a Reservation of Rights. Lord, Bissell and Brook attended settlement conferences, depositions and kept the Scarborough claims department informed as to what was factually occurring in the case. It also was involved in the negotiations of settlement and provided contribution for a possible settlement which never occurred. With the exception of a letter of March 31, 1983, the letters are summaries of depositions, factual information obtained during the investigation, and the involvement of Wausau in the negotiations for settlement. The March 31, 1983 letter has a page and a half of "opinion" which does not cite any law but gives general opinion of the counsel as to what the law might be. All the remaining information is that information which would be given by an adjustor to the insurance agency as it is involved in negotiations of settlement.

■ The burden is upon the defendant to establish the claim of privilege. *Barsclays America Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir.1984). It must be a clear showing by setting forth the items or category objected to and the reason for that objection. *Peat, Marwich, & Mitchell Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984) *cert. denied* — U.S. —, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985). The defendant has not met that burden.

■ Rule 26(b)(3) is not intended to protect from general discovery materials prepared in the ordinary course of business. Insurance companies' factual investigations of claims are included in that rule. *American Bankers Insurance Co. v. Colorado Flying Academy*, 97 F.R.D. 515, 517 (D.Colo.1983); *APL Corp. v. Aetna Casualty Insurance Co.*, 91 F.R.D. 10, 16 (D.Md.1980). This rule also includes investigations by a person who is an attorney but acting in the capacity of an investigator and adjustor for the insurance company. *Reiss v. British General Insurance Co.*, 9 F.R.D. 610, 611 (S.D.N.Y.1949); *Nesbitt v. Hauck*, 15 F.R.D. 254, 256 (N.D.S.D.1954).

■ The file of Lord, Bissell, & Brook from the very date of retention by Wausau is not work product but the investigative file of Wausau prepared in the ordinary course of business.

■ The investigative file is essential to the plaintiff for another reason. Western National Bank has alleged bad faith on the part of Wausau for the failure to pay the claim. Colorado law provides for recovery under such a theory. The test in Colorado is whether reasonable insuror would have denied the claim under similar facts and circumstances. *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo.1984). This is a factual test which the plaintiffs can only discover by obtaining information as to how Wausau investigated the claim, and what facts were used or obtained by Wausau to deny the claim in the general course of its insurance investigation. The plaintiff is entitled to that information. *Joyner v. Continental Insurance Co.*, 101 F.R.D. 414, 416 (S.D.Ga.1983); *APL Corp. v. Aetna Casualty Insurance Co. supra* pages 15–16.

IT IS HEREBY ORDERED that the defendant's Motion for Protective Order is DENIED.

FURTHER, IT IS ORDERED that the documents provided for in camera inspec-

tion will be provided counsel for the plaintiff no later than October 18, 1985.