**Steven SCHMIDT, Plaintiff,**

v.

**CALIFORNIA STATE AUTOMOBILE ASSOCIATION, Defendant.**

No. CV–N–88–456–ECR.

United States District Court,
D. Nevada.

July 25, 1989.

Murray V. Dolan, Sparks, Nev., for plaintiff.

B. Alan McKissick, Reno, Nev., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

In this case, the plaintiff has brought an action alleging that the defendant's failure to pay a claim under an underinsured provision of his host's, the defendant's insured, policy constitutes both a breach of contract and tortious conduct, including a tortious breach of the implied covenant of good faith and fair dealing. Presently before the Court are the plaintiff's motion to compel the production of documents (document # 7), the defendant's motion to sever (document # 8), the defendant's and plaintiff's opposition (document # 9 and # 15) and the replies thereto (documents # 16 and # 19).

## I. BACKGROUND

On July 1, 1986, the plaintiff was a passenger in a vehicle insured by the defendant which was involved in a head-on collision. The plaintiff was ejected from the vehicle and was transported to St. Mary's Hospital by helicopter. Defendant's motion to sever at 2. The plaintiff alleges that he incurred lost wages of $9,383.84 and medical expenses in excess of $12,000, as of the date of the complaint. He claims that the injuries sustained in the accident have caused a continuing debility resulting in his inability to perform heavy manual labor or to engage in certain recreational pursuits. Additionally, the plaintiff alleges that he has incurred a post traumatic stress disorder, which necessitates psychological treatment.

The policy issued by the defendant covering the host vehicle included $100,000 of underinsured motorist coverage and $10,000 in medical coverage. The defendant has paid $10,000 of medical expenses for

the plaintiff, although the plaintiff alleges that these payments were not made in a timely fashion, and only after repeated demands. Prior to the commencement of this suit, the defendant offered to settle the plaintiff's remaining claim for $3,500, and this offer was raised to $10,000 after the complaint was filed on June 30, 1988.

On June 5, 1987, the plaintiff received a settlement from the insurer of the driver of the other vehicle involved in the collision in the amount of $25,000, the limits of the liability coverage of that policy. The plaintiff also received a settlement from his own insurance company for underinsurance coverage in the amount of $13,000. This underinsurance coverage is limited to $50,000, and the plaintiff's insurance company asserts that because this limit is one-half the limit of underinsurance coverage of the defendant's policy, that the defendant is responsible for two-thirds of the combined underinsured liability. Plaintiff's opposition to motion to sever, exhibit 9a.

The request for the production of documents at issue in the instant case called for all non-privileged materials within the defendant's claim files relating to the July 1, 1986, accident.[1] The defendant objected to the "production of its entire claims file, *or any part thereof*" (emphasis added), primarily on the grounds of attorney/client privilege, the attorney work product doctrine, and because production of the claims file "would prejudice its defense of plaintiff's claim for uninsured motorist benefits...." Additionally, the defendant has requested that discovery of the claims file be stayed pending a separate resolution of the breach of contract claim.

The defendant's motion for severance argues that the plaintiff cannot prevail on any of his tort claims unless he first prevails upon his breach of contract claim.

The defendant argues that to allow the "bad faith" and other tort claims to be tried with the contract claim would be prejudicial because the jury's findings with respect to the breach of contract claim might be influenced by passions inflamed by evidence introduced on the bad faith claim.

## II. THE MOTION TO COMPEL

The defendant asserts four possible grounds for refusing to produce "any part" of the claims file: (1) the attorney/client privilege; (2) the work-product doctrine; (3) possible prejudice to the defense of the breach of contract claim; and (4) discovery of the claims file should be stayed pending a separate resolution of the breach of contract claim. Each of these grounds is without merit. As discussed below, the motion to compel as to non-privileged material will be granted.

■ Material is protected from discovery if it is subject to the attorney-client privilege. Material is subject to the attorney-client privilege if, *inter alia*, it contains a confidential communication made by a client to an attorney or the subordinate of the attorney, and the attorney receiving the communication is acting in the role of an attorney at the time. *Mission National Insurance Company v. Lilly*, 112 F.R.D. 160, 162–63 (D.Minn.1986). The entire claims file is not shielded by the attorney-client privilege because not all of the material within the claims file embodies confidential communications between the defendant and an attorney acting in the role of attorney. Typically, most of what is in the claims file is simply the ordinary work-product of the defendant's employees, and not privileged communications between client and attorney, although some such material may also be in the claims file.

---

1. The request stated in full:
   The entire contents, including the file folders of the Defendant's claim files (wheresoever located) of California State Automobile Association Insured Patricia Kashiki, relating to all claims arising from the July 1, 1986 accident more particularly described in Plaintiff's Complaint, including but not limited to those of the Plaintiff.

Opposition to motion to compel, exhibit A at 1. The plaintiff asserts that privileged material was not requested, motion to compel at 5, however, because the plaintiff has not attached the request for production of documents to his motion the Court is unable to verify this.

Similarly, the entire claims file cannot be withheld on the basis of the work-product doctrine, Fed.R.Civ.P. 26(b)(3), because not all the materials contained within the claims file is allowable work-product prepared in anticipation of litigation. One test given is whether "the document can fairly be said to have been prepared or obtained because of the prospect of litigation." 8 C. Wright & A. Miller, Federal Practice & Procedure § 2024 at 198–99 (1970). Generally, the work-product privilege is designed to protect an attorney's mental impressions, trial strategies and legal theories in a case being prepared for trial. *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947).

The majority of cases that have dealt with the issue of whether investigative materials prepared by insurance claims adjusters is work-product prepared in anticipation of litigation have held that since insurance companies have a routine duty to investigate accidents, such materials are not prepared in anticipation of litigation but are prepared in the ordinary course of business absent unique circumstances showing the contrary. *See Pete Rinaldi's Fast Foods v. Great American Insurance*, 123 F.R.D. 198, 202 (M.D.N.C.1988); *Mission National Insurance Co.*, 112 F.R.D. at 164 (collecting cases); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2024 at 198–99 (1970).[2]

The boundary between claims adjusting materials prepared in the ordinary course of processing claims and work-product prepared in anticipation of litigation evades precise demarcation. Occasionally, courts must draw these lines through *in camera* inspections. *See, e.g., Mission National Insurance*, 112 F.R.D. at 165. The connec-

tion to possible litigation of the material being prepared must be sufficiently concrete so as to provide assurance that the routine claims processing material prepared in the ordinary course of the insurance business will not be immunized from discovery. In this case, the parties attempted for a number of months to settle this claim through the ordinary channels of insurance claims processing and hence much of the material in the file was not prepared in anticipation of litigation.

The plaintiff's first demand letter was sent to the defendant on June 9, 1987. The work of the defendant's claims adjusters and the accompanying materials prepared by them before this letter was received, or in response thereto, was not prepared in anticipation of litigation within the meaning of Rule 26(b)(3) because the processing of an ordinary first demand letter from an insured by an insurer is the routine ordinary business of the insurer. It was not until the plaintiff's complaint was filed, on June 30, 1988, that the possibility of litigation became sufficiently choate to bring materials created by the defendant within the purview of Rule 26(b)(3).[3] Furthermore, material generated by the defendant after the complaint was filed might still not have been prepared in anticipation of litigation if the material only concerned facts and did not involve legal opinions or thoughts about the defendant's trial strategy and posture. *See Mission National Insurance*, 112 F.R.D. at 164.

The defendant's third ground for withholding these documents is the assertion of a "qualified privilege" to withhold the claims file material as to the breach of contract claim only. The defendants rely

---

**2.** At least one court has held that insurance accident reports are never treated as work product prepared in anticipation of litigation, *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D.Ill.1972), while one court grants work product status to such materials if the accident reported on is likely to lead to litigation, *Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771, 773–74 (M.D.Pa.1985). The Court rejects both of these extremes.

**3.** The Court does not hold, of course, that work-product prepared before legal process has be-

gun can never come within the purview of Rule 26(b)(3). If material is generated in anticipation of probable litigation before a complaint has been filed, which contains legal opinions or pertains to trial strategies, it may be Rule 26(b)(3) material. In this case, however, defendant's counsel was functioning primarily as a claims adjuster prior to that time. *See Mission National Insurance*, 112 F.R.D. at 163 (using attorneys to perform claim adjusting function not sufficient to cause material to be protected work-product).

on several state court opinions for this proposition including *Bartlett v. John Hancock Mutual Life Insurance Co.*, 538 A.2d 997 (R.I.1988). In *Bartlett*, the Rhode Island Supreme Court merely held that the denial of the work-product privilege as to a bad faith claim because of necessity is not applicable while there is a breach of contract claim outstanding. *A priori*, if the purported work-product material is not privileged in the first instance · because it was not prepared in anticipation of litigation, as discussed previously, then the material is discoverable even as to a breach of contract claim.

The plaintiff's motion to compel production of the claims file will be granted; however, if there are materials in the claims file which is subject to the attorney-client privilege, or is work product prepared in anticipation of litigation, the defendants should so identify each such document and set forth the basis for the privilege asserted. This can be done in the form of a *Vaughn* index. All other materials must be produced.

## III. THE MOTION TO SEVER

The defendant has moved to sever the breach of contract claim from the other claims pursuant to Fed.R.Civ.P. 21 or alternatively Fed.R.Civ.P. 42(b). The Court views this as a motion for separate trials pursuant to Fed.R.Civ.P. 42(b) because Rule 21 deals with misjoinder or nonjoinder of parties which are not issues in the instant case. The granting of a motion for separate trials under Rule 42(b) is allowed "in furtherance of convenience or to avoid prejudice," and the decision to order separate trials is committed to the sound discretion of the trial court. *Richmond v. Weiner*, 353 F.2d 41, 44 (9th Cir.1965) *cert. denied*, 384 U.S. 928, 86 S.Ct. 1447, 16 L.Ed.2d 531 (1966).

In the instant case, separate trials might avoid prejudice to the defendant on the breach of contract claim which could arise from the introduction of evidence pertaining to the plaintiff's tort claims. The Rhode Island Supreme Court has held that it is *per se* an abuse of discretion not to sever a claim of tortious bad faith from a breach of contract claim in insurer/insured disputes. *Corrente v. Fitchburg Mutual Fire Insurance Company*, 557 A.2d 859 (R.I.1989).

■ In *T.D.S. Inc. v. Shelby Mutual Insurance Company*, 760 F.2d 1520 (11th Cir.1985), the court affirmed a district court's refusal to sever a tort claim and a breach of contract claim brought by an insured against the insurer. The court noted that if the tort claim was predicated upon success on the breach of contract claim it might have been an abuse of discretion not to sever. *Id.* at 1534. Here, the plaintiff has brought multiple tort claims some of which might survive a victory for the defense on the breach of contract claim. Nevertheless, the Court believes that severance could avoid potential prejudice, and that the duplicity engendered by severance will not be unduly burdensome. Based on the pleadings and the documents before the Court, the Court does not believe the defendant's chances for success on the breach of contract claim to be so great as to warrant a stay of discovery on the tort claims pending resolution of the breach of contract claim. Accordingly, discovery on all of the plaintiff's claims shall continue unabated and shall not be affected by the ·granting of defendant's motion to sever. If the defendant prevails on the breach of contract claim the Court will at that time decide whether trial on the plaintiff's remaining claims is warranted.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's motion to compel is GRANTED.

IT IS FURTHER ORDERED that defendant's motion to try the plaintiff's breach of contract claim separately from all of his other claims is GRANTED.

IT IS FURTHER ORDERED that defendant's motion to stay all discovery on plaintiff's non-breach of contract claims pending resolution of the breach of contract claim is DENIED.

IT IS FURTHER ORDERED that, there being no just cause, plaintiff's request for oral argument in this matter is DENIED.