### MCI CONSTRUCTION, LLC, Plaintiff,

v.

### HAZEN AND SAWYER, P.C., a New York Corporation and City of Greensboro, North Carolina, A Municipality organized under the laws of North Carolina, Defendants.

No. 1:99–CV–00002.

United States District Court, M.D. North Carolina.

Nov. 27, 2002.

C. Allen Foster, Eric C. Rowe, Amy Bogart Ostrander, David S. Panzer, Greenberg Traurig, Washington, DC, Charlie C.H. Lee, Robert M. Moore, Richard O. Wolf, Moore & Lee, LLP, Mclean, VA, for Plaintiff.

Steve Macon Pharr, Stacey Denise Bailey, Pharr & Boynton, PLLC, Winston–Salem, NC, for Hazen & Sawyer, P.C.

John M. Deangelis, Caroline R. Heil, W. Kearns Davis, Jr., James T. Williams, Jr., Michael D. Meeker, Geroge William House, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, NC, for City of Greensboro.

### ORDER

ELIASON, United States Magistrate Judge.

This case comes before the Court on plaintiff's motion to compel the City of Greensboro (the City) to fully respond to plaintiff's Fourth Set of Requests for Production of Documents, plaintiff's motion to shorten the City's time to respond to the motion to compel, and the City's motion to strike plaintiff's reply brief in support of the motion to compel or to file a surreply. All three of the motions before the Court arise from a com-

mon set of facts which led to disagreements among the parties.

The parties to this lawsuit are also parties to a contract under which plaintiff renders certain services to the City. That contract has been the source of ongoing litigation for several years now. On March 22, 2002, the City issued a document called Change Order No. 6 which made a drastic downward adjustment in the amount of money due from the City under the contract. According to plaintiff, the order was not formulated and issued in accordance with procedures required by the contract. Because of this, plaintiff served the City with its Fourth Set of Requests for the Production of Documents. These requests for production mostly dealt with documents related to the issuance of Change Order No. 6.

The City responded to the requests by turning over what it says are all responsive, nonprivileged documents not already produced to plaintiff in previous discovery. However, it did not state whether some documents were withheld due to privilege, nor did it produce a privilege log describing any such documents. Although plaintiff's counsel asked whether any documents had been withheld and on what basis, for some unexplained reason, opposing counsel did not answer these questions and plaintiff filed its motion to compel.[1] Plaintiff asks that the Court order the City to confirm or deny that responsive documents exist, disclose which documents were withheld, and give reasons for withholding documents.

Only after the filing of the motion to compel did the City finally provide plaintiff with a privilege log. Plaintiff contends in its reply brief that the belated privilege log is disorganized, contains only nonresponsive documents, and does not include certain other documents which plaintiff feels should exist under the circumstances. Plaintiff also at least partially addresses the merits of the City's claims of privilege. In the reply brief, plaintiff makes it clear that it now asks that the Court order the City to provide complete and responsive answers to each category of requests, produce documents not falling with-

in an exception to the Public Records Act, provide a complete privilege log organized in chronological order, and pay plaintiff's attorney's fees. The new arguments and new requested relief have prompted the City to move to either strike the reply brief or be allowed to file a surreply.

Having reviewed the submissions of the parties and the actions which led to them, the Court finds, for several reasons, that all of the pending motions should be denied. However, the Court will order the parties to take certain actions to remedy the situation and plaintiff's motion to compel will be denied without prejudice to being refiled if disputes remain after the parties take the ordered actions.

The Court finds that the motion to compel should be denied because the parties failed to conduct a conference as required by Local Rule 26.1(c). That subsection requires that parties embroiled in a discovery dispute engage in "personal consultation and diligent attempts to resolve differences" before bringing the matter before the Court. Here, some discussions of the differences between the parties have taken place and plaintiff contends that these discussions were sufficient to satisfy the requirements of Local Rule 26.1(c). However, even plaintiff concedes that most of the discussions did not really address the issues at hand, but instead involved various attorneys for the City telling plaintiff's attorneys that some other attorney needed to be consulted before the matter could be discussed. Plaintiff alleges the City engaged in a form of "pass the buck" between attorneys for the City. Whether this is true or not, the bottom line is the same, no substantive Rule 26.1(c) conference ever occurred and plaintiff does not appear to have formally requested one.

Plaintiff asserts that Local Rule 26.1(c) was satisfied in spirit by these discussions and the Court should move to decide the issue on the merits. The Court disagrees. The landscape has changed since the motion to compel was filed. The City has filed its privilege list and plaintiff now raises argu-

---

1. Plaintiff also filed a motion to shorten the City's response time. Because the City has now responded, the motion is moot and will be denied as such.

ments about the validity of the privilege in the reply brief. Also, for the first time, plaintiff explicitly argues in the reply brief that the City must identify each document that corresponds to each document request. A party has not normally met its duty under the Local Rules when the Court finds the party must raise matters or positions for the first time in a motion to compel or during the pendency of the motion. *Medical Components, Inc. v. Classic Medical, Inc.*, 210 F.R.D. 175 n. 5 (M.D.N.C.2002). This is often evidence that an adequate discovery conference was not held.

Following the procedure is important. Formally calling a discovery conference puts the other party on notice that serious negotiations are about to begin. Failing to formally follow the discovery conference procedure leads to the confusion now present in this case. As the City points out, MCI now seems to be demanding a discovery procedure that alters the parties' prior understanding and will require tremendous additional burdens on all of the parties. For example, MCI appears to want each document segregated for each document request even though MCI itself allegedly has not produced documents in this fashion. The City says that the documents have been produced as they are kept in the ordinary course of business and that MCI also produces documents in this fashion. Also, MCI wants a detailed privilege log even though it allegedly has not provided detailed logs itself. All of these matters needed a formal negotiation meeting because the impact of MCI's demands could well affect its own discovery obligations. Accordingly, the Court will deny the motion to compel because MCI did not convene a Rule 26.1(c) conference to address the matters raised in the motion.

Although the Court is denying the motion to compel, that does not end the matter. Presumably, MCI may now formally call for a discovery conference and the City will appear and both parties will begin serious negotiations. It should be noted that one of MCI's complaints appears to be that it is not sure whether the City produced all responsive documents or not. At times, MCI appears to argue that the City should produce and segregate documents with respect to each request for production. MCI seems to argue that this will not be difficult because the documents only relate to Change Order No. 6. However, the Court notes that Request for Production No. 72 seeks: "All documents evidencing communications between the City and Hazen and Sawyer in any way relating to this lawsuit." It is further noted that the City, in any event, states with respect to the request involving Change Order No. 6 that it will produce all documents that are responsive to the request and that have not been produced previously. (However, it is not clear that the City ever stated in writing that all relevant documents had been produced or identified.) As mentioned above, there is nothing inherently flawed with this type of answer, particularly since it appears that the parties have adopted this procedure with each other. The Court, of course, has the authority to change that procedure. MCI may wish to consider whether it also wants to be subject to those same rules. This is the value of a discovery conference.

Another area of conflict is MCI's concern that the City may not have produced all relevant documents or identified them in the privilege log. MCI states that the City's privilege log was woefully inadequate. The City apparently alleges that neither side has produced model privilege logs. The Court does note that the City was required to have produced its privilege log at the time it filed its response or filed a motion for a protective order. The response made by the City, which was simply that it would not produce documents that are protected by work product or privileges, does not satisfy that duty. Failure to timely comply with discovery duties can result in the loss of the privilege. *Brittain v. Stroh Brewery Company*, 136 F.R.D. 408 (M.D.N.C.1991). Nevertheless, the City, despite its failings, did thereafter make an effort, albeit allegedly inadequate, to produce a privilege log.

This scenario points out the value of a formal discovery conference. And, again, it is too early for the Court to become involved in that kind of controversy. First, the parties need to meet and confer in a discovery

conference and decide just what kind of privilege log each of them will provide to one another. If both parties desire to have a very formal and specific privilege log, then they should do so. The Court is not sure whether MCI is contending that the privilege log in this case must be in the form required for court review which necessitates a *Vaughn* index (*see Pete Rinaldi's Fast Foods, Inc. v. Great American Ins. Companies*, 123 F.R.D. 198, 203 (M.D.N.C.1988)). Such a log would require each document to be itemized in a list, if any part of the document is privileged, then a redacted document must still be produced. For each document which would be redacted in whole or in part, a party would have to give a factual summary of the redacted document's content and the specific factual detail supporting justification for the privilege part which is being redacted.

The above described privilege log is that required if the Court were to review claims of privilege. In most instances, the burden on the parties far outweighs the benefit and they reach an accommodation that saves both parties time and costs. However, it may be that the parties want to operate in a discovery procedure where formal motions for protective orders are required. Such proceedings can be time consuming and expensive.

The Court makes the foregoing comments because it wants both MCI and the City to seriously consider their positions before they take further steps. While the Court will deny MCI's motion to compel for its failure to conduct a formal discovery conference, the Court does not find that the City is entirely without blame in this matter. The City has been, at times, unresponsive to MCI's expressed concerns. Just because MCI was required to call a formal discovery conference does not explain the City's belated and reluctant actions. It would appear to be in the City's interest to attempt to solve MCI's concerns in order to avoid extra expense in terms of cost and time to itself. The same admonition goes out to MCI as well. Once the Court becomes involved in a discovery dispute, both parties lose control over the situation. For this reason, the Court wants the parties, both of them, to enter into a meaningful discovery conference and resolve their problems. This order denying MCI's motion to compel does not mean the Court will not become involved.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (docket no. 196) be, and the same hereby is, denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to shorten the City's time to respond (docket no. 198) and the City's motion to strike plaintiff's reply brief (docket no. 213) be, and the same hereby are, denied for being moot.