**WINTER PANEL CORPORATION,**

v.

**REICHHOLD CHEMICALS, INC.**

Civ. A. No. 85–3616–WF.

United States District Court,
D. Massachusetts.

March 9, 1989.

Robert J. Baum, Bradley, Barry & Tarlow, P.C., Boston, Mass., for plaintiff.

Paul K. Stecker, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., for defendant.

### SECOND ORDER ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS (# 76)

ROBERT B. COLLINGS, United States Magistrate.

The primary dispute reflected in the papers filed in connection with Plaintiff's Motion To Compel Production of Documents (# 76) involves the question of whether certain documents prepared by defendant's agents were prepared "in anticipation of litigation" and thus protected from discovery by the provisions of Rule 26(b)(3), Fed.R.Civ.P. On January 4, 1989, I entered a First Order On Motion To Compel Production Of Documents (# 79) in which I directed the defendant to produce the documents in dispute for an *in camera* inspection.

The defendant complied with the First Order, Etc. (# 79) and produced the documents for my inspection; the motion is now ripe for decision.

The facts are that on October 27, 1982, Amos Winter, a principal of the plaintiff Winter Panel, wrote to a Mr. Lowe, an employee of Reichhold, stating that a foam product which Reichhold had sold to Winter Panel had failed in that it did not have sufficient "compressive strength." The letter ended with a statement that "I hope that we can find a solution to these problems that is mutually satisfactory." A copy of the letter was sent to a Ray Clark, another Reichhold employee. On an unspecified date, Mr. Clark made a handwritten notation on Mr. Winter's October 27th letter and sent a copy of the letter with the handwritten notation and an attachment to, among others, Richard Sulick, a Reichhold employee based in Detroit. On November 5, 1982, Mr. Sulick placed additional handwritten notes on Mr. Winter's October 27th letter. Mr. Sulick then sent the October 27th letter, which now contained Mr. Clark's handwritten notation and Mr. Sulick's handwritten notes, back to Mr. Clark who prepared an "Inter–Office Communication" to Mr. Sulick dated November 19, 1982 purporting to answer questions contained in Mr. Sulick's notes on the October 27th letter.

On November 2, 1982, Mr. Winter wrote to Mr. Clark stating his understanding that Reichhold agreed to reimburse the plaintiff for losses resulting from the failure of the foam and urging the delivery of a foam which would not fail.

On November 8, 1982, a Reichhold employee by the name of Stewart Wood visited Mr. Winter at his place of business in West Groton, Massachusetts. The purpose was to see if a new "foam run" which had been developed by Reichhold had improved the compressive strength. Mr. Winter replied that there was some increased strength but not enough and the product remained "unserviceable." The following appears in Mr. Wood's memorandum of the meeting which he sent to Mr. Clark, copies to Mr. Sulick and Dorey Lum (another Reichhold employee), among others:

> In some confidence and certainly not in a threatening manner, Mr. Winter indicated to me that he felt if Reichhold worked with him and supported him so that he would not have to go through refinancing to overcome these difficulties, that we would both come out of this thing not too badly scraped and at the same time still have a customer, that is if we develop a foam that will work for his application. However, he said that if we do not work with him, that he would be forced to go to litigation or file suit against us; not only for the product but also for the bad publicity that this has given his new company.

On December 1, 1982, Mr. Lum sent an "Inter–Office Communication" to Mr. Sulick, copy to Mr. Clark. On some unspecified date after December 1, 1982, Mr. Sulick made handwritten notations on Mr. Lum's memorandum.

Winter Panel's counsel, of course, has copies of Mr. Winter's letters minus the notations by Messrs. Clark and Sulick. He also has a copy of Mr. Lum's December 1st memorandum to Mr. Clark without Mr. Sulick's handwritten notes.[1] Winter Panel's counsel seeks (1) the copy of Mr. Winter's October 27th letter with notes thereon by Messrs. Clark and Sulick, (2) Mr. Clark's November 19th memorandum to Mr. Sulick and (3) a copy of Mr. Lum's December 1st memorandum with Mr. Sulick's notations contained thereon.

Of course, the burden is on Reichhold to demonstrate that these three documents are protected by Rule 26(b)(3), Fed.R.Civ.P.

In the case of *Hi–G Incorporated and Defiance Circuit Corporation v. Insurance Company of North America*, 35 F.R. Serv.2d 861 (D. Mass., 1982), I set out my view as to the test to be applied in determining whether a document is prepared "in anticipation of litigation." I wrote:

> In my view, the most sensible test enunciated in the cases as to whether something is done or prepared "in anticipation of litigation" is the one found in Wright and Miller, *Federal Practice and Procedure:* Civil, Sec. 2024 (1970), p. 198, wherein it is stated that, in dealing

---

1. A copy of Mr. Lum's December 1, 1982 memorandum was produced to the plaintiff in discovery in this case by defendant's prior counsel in the litigation.

with the question of whether documents are prepared "in anticipation of litigation" (Rule 26(b)(3), F.R.Civ.P.), "...the test should be whether, in the light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." This test was cited with approval in *Hercules Inc. v. Exxon Corp.*, 434 F.Supp. 136, 151 (D.Del., 1977), wherein the Court indicated that: "The fact that litigation may still be a contingency at the time the document is prepared has not been held to render the privilege inapplicable, if the prospect of litigation is identifiable because of claims that have already arisen." *Id.* citing *Sylgab Steel and Wire Corp. v. Imoco–Gateway Corp.*, 62 F.R.D. 454 (N.D.Ill., 1974) and *Stix Products Inc. v. United Merchants & Manufacturers, Inc.*, 47 F.R.D. 334 (S.D.N.Y., 1969).

*Id.* at 862.

Applying this test, I find that Reichhold has failed to meet its burden of demonstrating that the documents are entitled to the protections of Rule 26(b)(3), Fed.R. Civ.P.

■ First, the notes which Messrs. Sulick and Clark made on Mr. Winter's October 27th letter were not prepared "in anticipation of litigation." Mr. Clark did not date his notes but it is clear that they were made before those of Mr. Sulick. Mr. Sulick's notes were made on November 5, 1982. At that point in time, there had been absolutely no mention of litigation. Mr. Winter's conversation with Mr. Wood in which "forced to go to litigation" or "file suit" did not occur until November 8, 1982.

As to the remaining two documents, i.e., Mr. Clark's November 19th memorandum to Mr. Sulick and a copy of Mr. Lum's December 1st memorandum with Mr. Sulick's notations contained thereon, defendant advances two principal arguments in support of its contention that they were prepared "in anticipation of litigation." These will be discussed in turn.

■ The first is that these documents were prepared *after* Mr. Winter's meeting with Mr. Wood on November 8, 1982 in which Mr. Winter allegedly stated that he hoped that Reichhold would support him so that he would not have to go through refinancing and that a foam which would work for his application could be developed but that "...if [Reichhold] does not work with him, that he would be forced to go to litigation or file suit against [Reichhold] not only for the product but for the bad publicity that this has given his new company."

I do not see this fact as determinative. So far as appears, Mr. Clark's November 19th memorandum was not written or prepared because of Mr. Winter's statement to Mr. Wood on November 8th; rather it was written in response to Mr. Sulick's written questions of November 5th. The same is true of Mr. Sulick's notes on Mr. Lum's December 1st memorandum. All of these documents were generated as a result of Mr. Winter's October 27th letter and are primarily directed at investigating the reasons why problems developed with the foam product with a view toward developing a foam product which would be suitable and not have the problems which had developed in the products which had already been sold. While it cannot be said that the possibility of litigation was not an additional concern when the documents were prepared, I find that this was not the primary reason for their preparation. Put another way, I do not see the document having been prepared because of an identifiable "prospect" of litigation.

■ Defendant's second argument is that these documents were not prepared in the ordinary course of business. The argument is based on a rather strained construction of the term "ordinary course of business." Defendant seems to think that if a customer reports a problem with a seller's product and the problem is substantial enough to warrant the attention of higher management who look into the reasons for the problem, that any documents prepared during the course of the investigation are not prepared in the ordinary course of business because problems with products do not "ordinarily" arise. The argument then is that when problems do

arise and customers complain and, as a result, higher management employees have to divert their attention from what they "ordinarily" do in order to investigate the problem, the documents which are generated during the investigation are not prepared in the "ordinary course of business" but rather "in anticipation of litigation." For example, defendant argues that:

> As president of the division [of Reichhold that manufactured the foam components], Mr. Sulick had no day-to-day involvement with customers, and he became involved only after plaintiff had made a claim.

Defendant's Opposition, Etc. (# 78) at p. 4.

This argument, in my opinion, is much too simplistic. It would mean that whenever a customer complained to a seller about a problem or defect in a product, any documents prepared by the seller's higher management in the course of trying to discover the cause of the problem were not prepared in the "ordinary course of business." This is just not so. Many instances can be envisioned in which members of "higher management" are called upon, in the ordinary course of their duties, to investigate problems which have arisen with products.

■ Furthermore, it does not follow that anything that members of "higher management" do in these circumstances, if not in the ordinary course of business, must therefore be done "in anticipation of litigation." A document is not prepared "in anticipation of litigation" unless it was "... prepared or obtained because of the prospect of litigation." *Hi–G, Inc. v. Insurance Company of North America, supra,* 35 F.R.Serv.2d at 862. If it was not prepared or obtained because of the prospect of litigation, it is not protected regardless of whether it was prepared in the "ordinary course of business."

In short, I do not find that any of the documents were "prepared or obtained because of the prospect of litigation," and, further, although litigation was certainly a possibility, I do not find as of the time the documents were prepared that the "prospect" or "probability" of litigation was "substantial." *Id.* at 863.

■ I am of the opinion that these findings are bolstered by three other circumstances. The first is that there is nothing to indicate that either Mr. Winter or employees of Reichhold had consulted their attorneys respecting the matter or that any of the documents were prepared at the direction of an attorney or as a result of receiving advice or consulting with an attorney. I readily admit that this circumstance is not determinative; I would not rule that in no event could a document be protected by Rule 26(b)(3), Fed.R.Civ.P., unless it was prepared after or as a result of consultation with an attorney. But whether or not an attorney has been consulted about the problem prior to the preparation of the document is relevant, and I take into account that no such consultation occurred in this case prior to the preparation of the documents.

I note that this fact does distinguish the instant case from the only case cited by the Reichhold in support of its position, i.e. *Hydramar, Inc. v. General Dynamics Corporation,* 119 F.R.D. 367 (E.D.Pa., 1988). Actually, there were two *Hydramar* opinions. The one cited by the Reichhold's counsel is the later opinion; the earlier one is reported at 115 F.R.D. 147 (E.D. Pa., 1986). In each decision, Judge Hannum was considering a claim by General Dynamics that certain documents prepared by it were protected by Rule 26(b)(3), Fed. R.Civ.P. The facts of the case were that Hydramar contracted with General Dynamics to design for it certain parts to be used in a ship construction project which General Dynamics had undertaken. The holding of both opinions is that the materials prepared by General Dynamics after May 13, 1983 were prepared in anticipation of litigation but those prepared before that date were not. The date of May 13, 1983 was critical because it was on that date that Hydramar threatened litigation against General Dynamics. However, the threat of suit was preceded by a demand in January, 1983 for compensation for increased costs incurred because of change orders issued by General Dynamics and a March, 1983 breakdown of the request for adjustment which was sent by Hydramar to General

Dynamics and in which Hydramar expressed the hope that the information provided by Hydramar to General Dynamics was "...sufficient to settle the matter ..." *Id.,* 115 F.R.D. at 150. It was not until May 13, 1983 that Hydramar wrote to General Dynamics threatening litigation. Judge Hannum found that none of the documents prepared before May 13th were protected even though a claim had been asserted and attempts made to "settle" the matter. In deciding that materials prepared after May 13th were protected, Judge Hannum noted that not only had litigation been threatened but that:

> ... [A]fter May 13, 1983, General Dynamics pursued a course of conduct whereby it sought to and did in fact accumulate through its ranks, all evidence relevant to choosing a posture with respect to the litigation of this matter. *The information assembled by General Dynamics' employees on the "Hydramar" matter was either prepared for review by counsel or prepared for the benefit of high-ranking corporate officers ...to assist them in dealing with counsel.*

*Id.,* 119 F.R.D. at 370 (emphasis added).

These factors are not present in the circumstances which attended the preparation of the disputed documents in the instant case. The documents prepared by Reichhold employees from October to December, 1982 were not primarily for the purpose of choosing a posture with respect to litigation, and there is absolutely no evidence that the documents were prepared for review by counsel or to assist officers of Reichhold in their dealings with counsel. Despite Mr. Winter's statement to Mr. Wood on November 8, 1982, the documents prepared by Reichhold in this case from October to December, 1982 are more closely analogous to the documents prepared by General Dynamics between January and May, 1983, documents which Judge Hannum ruled were not entitled to the protections of Rule 26(b)(3), Fed.R.Civ.P.

■ The second circumstance is that Reichhold's prior attorney disclosed, without objection, the copy of Mr. Lum's December 1st memorandum, albeit minus Mr. Sulick's handwritten notations. Mr. Lum's

memorandum is in direct response to Mr. Clark's November 19th memorandum which, in turn, was generated as a result of Mr. Sulick's November 5th notes on Mr. Winter's October 27th letter. *See* excerpts of Mr. Lum's deposition appended to motion to compel at p. 140–1. It seems incongruous that Reichhold should object to producing the November 19th memorandum when it has already produced, without objection, Mr. Lum's December 1st memorandum. If there really was a genuine concern by Reichhold that these documents were prepared in anticipation of litigation, it would have been expected that an objection to production of Mr. Lum's October 1st memorandum would have been interposed.

■ The third circumstance is that Reichhold has not filed any affidavits of either of the preparers of the documents, i.e. Mr. Clark and Mr. Sulick, in which they aver that the documents were prepared because of the prospect of litigation. Certainly, in considering whether a party has met its burden of proof, I can infer that evidence within the party's custody, control and possession that would support that party's position would, in the normal course, be produced and that if the evidence is not produced, it is not favorable to that party's position. This is especially so in view of the excerpts from the depositions of both Mr. Sulick and Mr. Lum which plaintiff's counsel has appended to the motion to compel. In those excerpts, there is no mention of preparing any of the documents because of the prospect of litigation.

In sum, after reviewing the documents *in camera* and examining all the facts and circumstances disclosed in the papers submitted by the parties, I find that the defendant has failed to meet its burden of demonstrating that the documents are protected by Rule 26(b)(3), Fed.R.Civ.P.

Accordingly, it is ORDERED that plaintiff's Motion To Compel Production Of Documents (#76) be, and the same hereby is, ALLOWED to the extent that the defendant is ORDERED, pursuant to Rule 37(a)(2), Fed.R.Civ.P., to produce to counsel for the plaintiff, *on or before the close of*

*business on Friday, April 14, 1989,* copies of (1) Mr. Winter's October 27th letter with notes thereon by Messrs. Clark and Sulick, (2) Mr. Clark's November 19th memorandum to Mr. Sulick and (3) a copy of Mr. Lum's December 1st memorandum with Mr. Sulick's notations contained thereon.

The only other dispute raised by the motion to compel concerns production by Reichhold of so-called "certificates of analysis." Counsel appear to be well on their way to resolving this dispute. *See* letter of Robert J. Baum, Esquire (# 86) dated February 27, 1989. Accordingly, it is ORDERED that plaintiff's Motion To Compel Production Of Documents (# 76) be, and the same hereby is, otherwise DENIED without prejudice.