Agostini, John A., J.
Pursuant to Mass.RCiv.P. 26(b)(3), the plaintiff moves this Court to compel the defendant, Russell Sackett, to produce certain documents relating to General Casualty Insurance Company’s investigation of the incident involving the plaintiff and its insured, Russell Sackett. In the underlying complaint, the plaintiff alleged that Christopher Latham suffered fatal injuries as a result of a motor vehicle accident that occurred on January 12, 2005, in Pittsfield. The plaintiff filed negligence claims against William Schilling, the operator of the vehicle the decedent was in and Sackett, the operator of the other vehicle in the accident.
At the present stage of discovery, Sackett has withheld its independent adjuster, Frontier’s investigation report and recorded statements from Sackett and a witness, Lester Poincelot, from discovery under the work product doctrine. The recorded statements were taken within a week of the accident and Frontier’s investigation report detailed the ongoing investigation by the insurance company to the present time. The first notice of claim was filed by the Estate approximately 17 months after the accident. For the reasons set forth below, the plaintiffs motion to compel the production of the documents is ALLOWED, in part and DENIED, in part.
DISCUSSION
The work product doctrine is codified in Massachusetts Rule of Civil Procedure 26(b)(3), which provides:
Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party’s representative (including his attorney, consultant, surety,' indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
Mass.R.Civ.P.'26(b)(3).
The analysis in this case requires a two-step process: 1) whether the documents requested are protected as work product; and 2) whether the plaintiff has shown that it has a substantial need for the documents in order to overcome the privilege. The burden to demonstrate that the statement sought is indeed work product within the scope of Rule 26(b)(3) is on the party resisting discovery. Sham v. Hyannis House Hotel, Inc., 118 F.R.D. 24, 25 (D.Mass. 1987); Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D.Mass. 1992).
The crucial issue in this case is whether the documents sought are documents covered by the work product doctrine. “In order to place documents under the mantle of Rule 26(b)(3) for work product protection, a proponent must establish that the documents satisfy three criteria. The material must be: (1) documents or tangible things; (2) prepared in anticipation of litigation or for trial; and (3) by or for the party or the party’s representative.” Pete Rinaldi’s Fast Foods v. Great American, Inc., 123 F.R.D. 198, 201 (M.D.N.C. 1988). In determining whether a document was prepared in anticipation of litigation, courts ask “in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation ” Id.; see also City of Worcester v. HCA Management Co., Inc., 839 F.Sup. 86, 88 (D.Mass. 1993) (“[T]he mere fact that [the defendant] was involved in an incident that would possibly subject it to litigation is not dispositive of the determination of whether the memorandum was prepared in anticipation of litigation”); Caremark, Inc. v. Affiliated Computer Services, Inc., 195 F.R.D. 610, 614-15 (N.D.Ill. 2000) (“Not all documents created or produced by a company can be categorized as protected by work product simply because a company’s internal investigation is co-existent with a present or anticipated lawsuit *55 that is the same subject matter of the litigation”); In re Air Crash Disaster at Sioux City, Iowa on July 19, 1989, 133 F.R.D. 515, 520 (N.D.Ill. 1990) (holding that whether a particular document is subject to the work product protection “depends on whether the subject matter of the document concerns preparation or strategy, or the appraisal of the strengths or weaknesses of [the company’s] case, or the activities of the attorneys in preparing their case, or is at least ‘primarily concerned with legal assistance,’ and not simply underlying evidence”).
Rule 26(b)(3) does not extend to materials assembled in the ordinary course of business, pursuant to regulatory requirements or for other non-litigation purposes. Moreover, the fact that documents made in the ordinary course of business for the purpose of gathering and beneficial use of information might ultimately be useful to a party in case of future litigation does not give those documents protection under Rule 26(b)(3). See Shotwell v. Winthrop Community Hosp., 26 Mass.App.Ct. 1014, 1016 (1988) (concluding that where the plaintiff was injured after walking into a glass door at a hospital entrance, an incident report prepared by hospital personnel pursuant to hospital qualify assurance policy of making reports whenever there was an “untoward event or occurrence” and reviewing them in order to propose possible corrective measures was created in the ordinary line of business, and was not privileged as work product). The pertinent test is whether in light of the nature of the document and the factual situation in the particular case the document can fairly be said to have been prepared or obtained because of the prospect of litigation. Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. at 605. To be protected, there must have been “an identifiable specific claim or impending litigation” when the materials were prepared. Leonen v. Johns-Manville, 135 F.R.D. 94, 97 (D.N.J 1990). See also Winter Panel Corporation v. Reichhold Chemicals, Inc., 124 F.R.D. 511, 515 (D.Mass. 1989) (must be substantial probability of litigation, a mere possibility is not enough).
The defendant has produced an affidavit by Susan Duda, a claims specialist at General Casualty, stating that “[f]rom the outset, there was an immediate threat and concern that our insured, Russell Sackett, would become the target of a lawsuit regardless of his liability, because William Schilling had minimal insurance coverage and the accident resulted in the death of Christopher Latham.” However, it is in the normal course of business for General Casualty to investigate all accidents involving its insureds. As noted in Rhodes v. AIG Domestic Claims, Inc., 2006 WL 307911 (Mass.Super.) [20 Mass. L. Rptr. 491], “an insurance company has a legal duty under Massachusetts law promptly and reasonably to investigate an insurance claim. This duty under Massachusetts law is owed both to its insured and to the person injured.” The insurance company, in taking such statements, complied with its obligation under the law. In all motor vehicle accidents there is a threat of litigation, however, the defendant has failed to show that there was “an identifiable specific claim or impending litigation.” Leonen, 135 F.R.D. at 97.
The case of Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24, 26 (D.Mass. 1987), is also helpful. In that case, after a patron drowned in a hotel swimming pool, the hotel’s conclusory assertions that its insurer’s investigatory notes and report were “motivated by a need to obtain facts for use at a possible subsequent trial” and that “the facts of the drowning accident, at the very outset, compelled a conclusion that the probability of litigation was substantial” were insufficient to demonstrate that the documents were work product under Rule 26(b)(3).
Accordingly, I find that the recorded statements of Sackett and Poincelot are not protected by the work product rule from discovery. However, the on-going investigation report complied by Frontier is protected from discovery.
ORDER
It is therefore ORDERED that plaintiffs motion to compel the production of the recorded statements of Sackett and Poincelot withheld by the defendant as work product, be ALLOWED.
It is further ORDERED that the plaintiffs motion seeking the investigation report of Frontier be DENIED.