Curran, Dennis J., J.
Shirley and Jonathan Walsh have sued Renee Wong for personal injuries allegedly caused by a car accident. The Walshes have moved to compel Ms. Wong to produce a statement that was made to an insurance company representative 12 days after the accident. For the following reasons, the plaintiffs motion is ALLOWED.
BACKGROUND
On December 16, 2010, Ms. Wong crashed her car into the Walsh’s car after allegedly ignoring a stop sign. Ms. Wong was cited by the police. Just twelve days later, Ms. Wong gave a recorded statement about the accident to a representative of her insurance company, Liberty Mutual Insurance Company. Ms. Wong’s version of the accident has sharply varied over time. Her recorded statement — taken shortly after the crash — is the subject of this motion.
No notice of a possible claim for damages was given by the Walshes until early February of the following year. Moreover, a suit was not filed until nearly three *200 years later, in November 2013. During the course of pre-trial discovery, the Walshes learned of the existence of Ms. Wong’s statement to her insurer following the accident. Thus, the following timeline is relevant:
TIMELINE
Date of Car Crash: December 16, 2010
Date of Recorded Statement: December 28, 2010
Date of Legal Notice by the Walshes: February 2011
Date of Lawsuit: November 2013
DISCUSSION Standard For Discovery
Contrary to the usual formulaic legal analysis of this issue, the starting point for analysis is not Mass.R.Civ.P. 26, but Massachusetts Rule of Civil Procedure 1. The judicial mission of this Court is to “secure the just, speedy and inexpensive determination of every action.” Mass.R.Civ.P. 1. We do so, because as the Superior Court Third Amended Standing Order 1-88A keenly (and presciently, here) observes: ‘The litigation process is memory dependent. To the extent that memory dims or becomes unreliable over prolonged periods of time, a just determination may be jeopardized.”
That first Rule of Civil Procedure (or “Rule One” as referred to by respected legal authorities)[1] frames the discussion.
Turning to the issue at hand, Mass.R.Civ.P. 26(b)(1) permits the “discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. The information sought should be ’’reasonably calculated to lead to the discovery of admissible evidence." Hull Mun. Lighting Plant v. Mass. Mun. Wholesale Elec. Co., 414 Mass. 609, 615-16 (1993). The philosophy underlying the rules of discovery is that “in the long run, it saves time and money, and leads to a more prompt and reasonable result, if the parties freely disclose to each other materials leading to an evaluation of their relative strengths and weaknesses.” Arbella Mut. Ins. Co. v. Alternative Billing Assocs., 2004 Mass.Super. LEXIS 431 (Mass.Super.Ct. June 29, 2004).
Work Product Rule
This motion turns on the issue of whether the requested document is protected by the work product rule. Rule 26(b)(3) protects (1) documents and tangible things (2) by or for another parly or by or for that other party’s representative (including his attorney, consultant, surely, indemnitor, insurer, or agent), and (3) in anticipation of litigation or for trial.
Ms. Wong asserts that the recorded statement falls under the work product rule because Liberty Mutual took the statement in anticipation of litigation. But this cannot be so. The routine taking of a statement by an insurer after an accident is performed in the ordinary course of the insurance business, to assess liability, determine, in part, whether a surcharge should be imposed and is directly and obviously related to the furtherance of an insurance company’s financial purpose: to make money. Taking an insured’s statement assists in its annual actuarial calculus. See Shotwell v. Winthrop Cmty. Hosp., 26 Mass.App.Ct. 1014, 1016 (1988) (stating that when the work product is prepared in the ordinary line of business and duty, it does not enjoy protection under the work product rule even if such reports might ultimately be useful to one or another parly in case of future litigation); Schoenstein v. Schilling, 2009 Mass.Super. LEXIS 236, 238 [26 Mass. L. Rptr. 54],
In this case, there was no reasonable anticipation of litigation at the time the statement was taken. No notice of legal claim had been given, and obviously no lawsuit had been filed. Although litigation was a theoretical possibility (as are many life events), it was purely speculative at that time. See Schoenstein, 2009 MassSuper. Lexis at 6-7. Moreover, no attorney had been engaged. Consequently, the production of the document in this case will neither encourage one party from “piggybacking” on the work of another, nor will it reveal the mental impressions of Ms. Wong’s counsel. See Upjohn Co. v. United States, 449 U.S. 383, 400 (U.S. 1981); Comm’r of Revenue v. Comcast, 253 Mass at 311-12 (quoting United States v. Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995)). On the other hand, expanding the work product rule as broadly as Ms. Wong suggests would insulate much relevant evidence from disclosure which could be outcome-determinative and in the process, retard or thwart the prompt disposition of cases that should be resolved. The statement does not fall under the work product rule and must be produced.
Substantial Need
Ms. Wong claims that the Walshes have not demonstrated a substantial need that would overcome her objection of the anticipation of litigation. To compel the production of such documents, the Walshes must show (1) a substantial need for the material and (2) obtaining the substantial equivalent of the material would entail an undue hardship. See Hull Mun. Lighting Plant., 414 Mass. at 615-16; Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. at 605. Both elements must be met before the requested items are discoverable. See Hull Mun. Lighting Plant., 414 Mass. at 615-16. Here, the substantial need arises out of the direct contradiction between Ms. Wong’s statement to police immediately following the accident and her post-lawsuit answers. Ms. Wong claims that there is no inconsistency in her statements; one begs to differ. Her failure to mention the sun as a factor in the accident, for example, when the incident was fresh in her mind when she reported the accident to the police officer immediately after the accident bears directly to the issue of what caused the accident. Curiously, and significantly, the sun emerged as a factor only after a law suit was filed.
*201 A lawsuit, need it be said, is an adversarial process. For centuries, we have permitted each party to tell its perceived version of events to permit a fact-finder to determine the truth. This is the very essence of a process designed to result in a just and fair result. That Ms. Wong failed to remember the report to Liberty Mutual during her deposition almost four years later bears on either her credibility, her memory or both. In either instance, the statement made immediately after the accident is directly relevant and is unable to be obtained by any other means. There is a substantial need for this report. It offers a unique snapshot of what Ms. Wong perceived about how the accident happened immediately thereafter, and before litigational dynamics came into play. The Walshes cannot recreate a substantial equivalent of this statement in the midst of litigation and indeed, almost four years after the accident.
ORDER
For these reasons, the motion to compel the production of Ms. Wong’s statement to her insurer is ALLOWED.

The Rule One Initiative. Institute for the Advancement of the American Legal System.(IAALS). See www.iaals.du.edu (last visited June 24, 2014).